FILED
Apr 12, 2021
02:02 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **CODI MCCLAIN, for** | ) | **Docket Number: 2019-02-0551** |
| **DAVID MAPLES,** | ) | |
| **Deceased Employee,** | ) | |
| **v.** | ) | |
| **PROFESSIONAL PERSONNEL** | ) | **State File Number: 977581-2017** |
| **SERVICES,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **AMERICAN ZURICH,** | ) | **Judge Brian K. Addington** |
| **Carrier.** | ) | |

## COMPENSATION ORDER
## GRANTING SUMMARY JUDGMENT

This case came before the Court on April 8, 2021, upon Professional Personnel Services's Motion for Summary Judgment. Professional Personnel contends that Codi McClain failed to file this case within the applicable one-year statute of limitations, and thus it is entitled to summary judgment.[1] After careful consideration, the Court grants the motion.

### History of Claim

David Maples fell at work on December 16, 2017, and he died later that day. Although American Zurich later denied the claim, Professional Personnel voluntarily paid Mr. Maples's funeral expenses on December 21, 2017. Codi McClain, Mr. Maples's son, filed a Petition for Benefit Determination on November 18, 2019, for death benefits. Mr. McClain obtained Letters of Limited Administration through the Cocke County Chancery Court on January 19, 2021. Afterward, Professional Personnel filed the present motion.

---

[1] Professional Personnel also argued Mr. McClain had no standing to bring the present case. Due to its ruling, the Court declines to address that issue.

1

**Facts**

Professional Personnel filed a Statement of Undisputed Material Facts, summarized as follows:

1. David Maples suffered a medical emergency while he was at work for Professional Personnel Services at Bush Brothers and Company on December 16, 2017.
2. He was taken to the University of Tennessee Medical Center and died on December 16, 2017.
3. The Petition for Benefit Determination seeks benefits from Mr. Maples's December 16, 2017 death due to a fall at work.
4. Professional Personnel Services paid funeral expenses as a goodwill gesture for Mr. Maples's family on December 21, 2017.
5. American Zurich Insurance Company filed a C-23 Notice of Denial for Mr. Maples's death claim on December 23, 2017.
6. American Zurich Insurance Company did not pay any benefits related to the death of David Maples.
7. Mr. McClain did not file a Petition for Benefit Determination until November 2019.

Professional Personnel argues that there was no genuine issue as to whether Mr. McClain filed this case within the applicable one-year statute of limitations. Mr. McClain did not file a response.

**Analysis**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2020).

Professional Personnel, as the moving party, must do one of two things to prevail; (1) submit affirmative evidence that negates an essential element of Mr. McClain's claim, or (2) demonstrate that Mr. McClain's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2020); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Professional Personnel satisfies one of those burdens, Mr. McClain must respond by producing affidavits, pleadings, depositions, responses to interrogatories, or admissions that set forth specific facts showing there is a genuine issue for trial. Tenn. R. Civ. P. 56.06. If he fails to do so, "summary judgment, if appropriate, shall be entered against the [nonmoving] party." *Id*.

For Mr. McClain to be successful in his claim, he must prove he filed this case within one year of Mr. Maples's death. Tenn. Code Ann. § 50-6-203(e)(1). Here, Professional Personnel argues that it negated an essential element of Mr. McClain's claim—his failure to file the case within the one-year statute of limitations. Specifically, the undisputed proof shows that the case was filed almost two years after Mr. Maples's death.

Mr. Maples acknowledges that he filed the petition after the statute ran, but he asks the Court to excuse his late filing because of his difficulties hiring an attorney. However, he cites no authority that this reason tolled the statute of limitations, and the Court finds it insufficient to toll the statute.

Therefore, based on the undisputed facts and viewing the evidence in the light most favorable to Mr. McClain, the Court finds that Professional Personnel negated an essential element of his claim. Thus, it is entitled to summary judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AS FOLLOWS:**

1. Professional Personnel's Motion for Summary Judgment is granted. Mr. McClain's claim is dismissed on the merits with prejudice to its refiling.

2. The filing fee of $150.00 is taxed to Professional Personnel under Rule 0800-02-21-.06 of the Tennessee Compilation Rules and Regulations, for which execution may issue as necessary.

3. Professional Personnel shall prepare and submit the SD2 within ten days of the date of judgment.

**ENTERED, April 12, 2021.**

**__/S/ Brian K. Addington_____**
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claim**

**CERTIFICATE OF SERVICE**

I certify that a correct copy of this Order was sent on April 12, 2021.

| Name | Certified Mail | Fax | Email | Service sent to: |
|------|----------------|-----|-------|------------------|
| John Rosson, Employee's Attorney | | | X | rossonlaw@aol.com rjoyce1960@yahoo.com |
| Mary Beth Maddox, Employer's Attorney | | | X | mmaddox@fmsllp.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov

4



<u>Compensation Hearing Order Right to Appeal</u>:

If you disagree with this Compensation Hearing Order, you may appeal to the Workers' Compensation Appeals Board or the Tennessee Supreme Court. To appeal to the Workers' Compensation Appeals Board, you must:

1. Complete the enclosed form entitled: "Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the compensation hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript and file it with the court clerk *within fifteen calendar days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the court clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. The appealing party has *fifteen calendar days* after the date of that notice to submit a brief to the Appeals Board. *See the Practices and Procedures of the Workers' Compensation Appeals Board.*

**To appeal your case directly to the Tennessee Supreme Court, the Compensation Hearing Order must be final and you must comply with the Tennessee Rules of Appellate Procedure. If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry.** *See* **Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____


_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on _____  ☐ Other Order filed on _____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s)** (Requesting Party): _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*